MEMORANDUM *
Linda Bustamante appeals the district court’s judgment affirming the Commissioner of Social Security’s denial of her application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Bustamante’s main contention is that the ALJ erred by rejecting the opinion of a state agency examining psychiatrist in favor of the opinion of a nonexamining state agency reviewer. In particular, Busta-mante argues that the ALJ improperly relied on her failure to seek treatment and her noncompliance with the treatment she did receive to reject the examining psychiatrist’s opinion that she has disabling depression. Though Bustamante is correct that failure to seek or comply with treatment is an impermissible ground for rejecting a doctor’s diagnosis of mental illness when the failure is attributable to the mental illness, see Regennitter v. Comm’r of the Soc. Sec. Admin., 166 F.3d 1294, 1299-300 (9th Cir.1999), there is “no medical evidence that [Bustamante’s] resistance was attributable to her mental impairment rather than her own personal preference,” Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir.2012). As a result, the ALJ did not err and provided “specific and legitimate reasons that are supported by substantial evidence” for rejecting the opinion of the examining psychiatrist. Chaudhry v. As-true, 688 F.3d 661, 671 (9th Cir.2012). Any reliance on other, potentially improper reasons was harmless. See Carmickle v. Comm’r, Soc. Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir.2008).
Bustamante also contends that the ALJ erred by rejecting her symptom testimony. The ALJ, however, provided at least two reasons supported by substantial evidence for rejecting her testimony. (1) her shifting designation of her primary disability; and (2) her inconsistent explanations of why she left her job. See Orn v. Astrue, 495 F.3d 625, 636 (9th Cir.2007) (“Factors that an ALJ may consider in weighing a claimant’s credibility include ... inconsistencies in testimony_”). Together these constitute “clear and convincing reasons” for rejecting Bustamante’s symptom testimony. See id. at 635 (internal quotation mark omitted). Again, any reliance on other, potentially impermissible reasons was harmless. See Carmickle, 533 F.3d at 1162-63.
Bustamante’s final contention is that the ALJ exhibited improper bias against her. She bases this argument exclusively on a comment the ALJ made at the beginning of her hearing concerning her fibromyalgia claim. Although this comment may have been ill advised, “the ALJ’s behavior, in the context of the whole case,” was not “so extreme as to display clear inability to render fair judgment.” Rollins v. Massanari, 261 F.3d 853, 858 (9th Cir.2001) (quoting Liteky v. United States, 510 U.S. 540, 551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)) (internal quotation marks omitted); see also Bayliss v. Barnhart, 427 F.3d 1211, 1215-16 (9th Cir.2005) (“[We] have rejected allegations that due process was violated when isolated parts of an ALJ’s *732 conduct were challenged but the record as a whole showed fundamental fairness for the litigants.”)- Her claim of bias thus fails.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.